**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 10, 2010

Lyle W. Cayce
Clerk

No. 09-50948
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE BOLIVAR CIENFUEGOS-POMPA, also known as Jose P. Cienfuegos,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:09-CR-86-1

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Bolivar Cienfuegos-Pompa (Cienfuegos) pleaded guilty to a superseding information charging that he was an illegal alien in possession of at least one of six enumerated firearms. Cienfuegos preserved his right to appeal the district court's denial of his suppression motion. He now argues that the district court clearly erred in denying the motion with respect to the firearms that were seized without a warrant on April 15, 2009. He argues that his surrender of the firearms was not the result of free and voluntary consent.

"In reviewing the denial of a motion to suppress, the district court's factual findings are reviewed for clear error, and its legal conclusions . . . are reviewed de novo." *United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*States v. Jacquinot*, 258 F.3d 423, 427 (5th Cir. 2001). Voluntariness of consent is a finding of fact reviewed for clear error. *United States v. Arias-Robles*, 477 F.3d 245, 248 (5th Cir. 2007). When, as here, the district court's finding of consent is based on oral testimony at a suppression hearing, the clear error standard is particularly strong because the district court had the opportunity to observe the demeanor of the witnesses. *See United States v. Gonzales*, 79 F.3d 413, 421 (5th Cir. 1996).

A search pursuant to consent is a well-established exception to the Fourth Amendment requirement of a warrant. *United States v. Tompkins*, 130 F.3d 117, 121 (5th Cir. 1997). Where an appellant challenges the voluntariness of consent to a search, the Government must prove that consent was freely and voluntarily given by a preponderance of the evidence. *United States v. Santiago*, 410 F.3d 193, 198-99 (5th Cir. 2005). That burden is not satisfied by a mere submission to a claim of lawful authority. *United States v. Villareal*, 963 F.2d 770, 777 (5th Cir. 1992). In evaluating the voluntariness of consent, the examining court should consider "(1) the voluntariness of the defendant's custodial status; (2) the presence of coercive police procedures; (3) the extent and level of the defendant's cooperation with police; (4) the defendant's awareness of his right to refuse consent; (5) the defendant's education and intelligence; and (6) the defendant's belief that no incriminating evidence will be found." *United States v. Jenson*, 462 F.3d 399, 406 (5th Cir. 2006). All six factors are relevant; however, no one is dispositive. *Arias-Robles*, 477 F.3d at 248.

On appeal, Cienfuegos challenges the district court's findings with respect to a lack of coercion. He argues that his actions amounted to no more than a mere submission to a claim of lawful authority. Warden Bernstein testified at the suppression hearing that he considered his actions to be a "knock and talk" and that he "basically asked [Cienfuegos] if he would mind getting the weapons" for him. Bernstein's testimony thus supports the district court's finding of a lack of coercion. Moreover, "[t]he mere failure of the officers to give an encyclopedic catalogue of everything they might be interested in does not alone render the search involuntary." *United States v. Davis*, 749 F.2d 292, 295 (5th Cir. 1985). Although Cienfuegos may have assumed that Warden Bernstein's inquiry related only to his earlier hunting violations, there is no evidence in the record to support the conclusion that Warden Bernstein intentionally misrepresented his purpose for requesting to see the firearms.

2

Cienfuegos did not provide any such testimony; nor does the cross-examination of the Government's witnesses reveal such a ruse.

Cienfuegos has not shown that the district court clearly erred in determining that consent for the search was voluntarily given. *See Arias-Robles*, 477 F.3d at 248. Accordingly, the judgment is AFFIRMED.